UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PATRICIA A. BONTON                                                  CIVIL ACTION

VERSUS                                                                      NO. 18-192-JWD-RLB

LOUISIANA DEPARTMENT OF LABOR,
LOUISIANA WORKFORCE COMMISSION

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on September 5, 2018.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**PATRICIA A. BONTON**                                            **CIVIL ACTION**

**VERSUS**                                                                     **NO. 18-192-JWD-RLB**

**LOUISIANA DEPARTMENT OF LABOR,**
**LOUISIANA WORKFORCE COMMISSION**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The complaint in this matter was filed on February 26, 2018 against Louisiana Department of Labor, Louisiana Workforce Commission to obtain an administrative hearing to obtain unemployment benefits.

Plaintiff filed a motion to proceed in forma pauperis which was granted on April 10, 2018. (R. Doc. 3). In that order (R. Doc. 3), the Court stated that "Plaintiff is responsible for submitting the summons and address for the defendant(s). Upon plaintiff submitting the summons and address for the defendant(s), the Clerk is directed to issue process to the defendant(s). The United States Marshals Service shall serve the summons and complaint on the defendant(s) wherever found. Plaintiff(s) will be required to provide to the United States Marshal a completed U.S. Marshal Form 285 for each defendant to be served. The United States Marshal will not serve the defendant without a properly completed form."

A scheduling conference was set for July 12, 2018 with a status report due June 28, 2018. (R. Doc. 4). On June 6, 2018, plaintiff filed a status report but it was not a Joint Status Report. (R. Doc. 5).

On June 13, 2018, plaintiff filed a Notice of Inability and A Notice for a Schedule Hearing Date Continuance in which plaintiff requested a continuance of the scheduling

conference. (R. Doc. 6). On June 28, 2018, the Court granted plaintiff's motion for continuance and reset the conference for a telephone scheduling conference on August 23, 2018. (R. Doc. 7). In the Court's order (R. Doc. 7), the Court noted that service of process had not been made as of the date of the Court's order and reminded plaintiff that "she is responsible for submitting the summons and address for the defendant(s)." In addition, plaintiff was reminded that she "will be required to provide to the United States Marshal a completed U.S. Marshal Form 285 for each defendant to be served." Further, the Court ordered plaintiff to "show cause, **in writing**, why the claim against defendant(s) should not be dismissed under Rule 4(l) and (m) of the Federal Rules of Civil Procedure for lack of service and/or proof of service. If proof of service is filed into the record by **August 9, 2018**, then no response is due from plaintiff to this order to show cause."

A review of the Court's Docket Sheet reflects there is no service return in the record for Louisiana Department of Labor, Louisiana Workforce Commission. Plaintiff has submitted numerous document as follows: Notice of Filing of Documents (R. Doc. 8), Notice of Subpoena for Federal Warrant to Settle Debt With Portfolio Recovery Collection Agency (R. Doc. 9), Notice of Letter of Transmittal re: Status Report (R. 10), Notice of Subpoena re: First Federal Checking Account (R. Doc. 11), Notice of Letter of Transmittal re: Collection Billing (R. Doc. 12) and Notice of Filing of Documents (R. Doc. 13). However, none of these documents contain a summons and the address for the defendant(s) and none contain a return of service of process on the Louisiana Department of Labor, Louisiana Workforce Commission.

Rule 4(m) provides that "if a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

As of the date of this report and recommendation, plaintiff has failed to submit any proof of service and failed to make any response to the undersigned's show cause order explaining why she has failed to comply with Rule 4(m).

Local Rule 41(b)(1)(A) provides that a civil action may be dismissed by the court for lack of prosecution "[w]here no service of process has been made within 120 days after filing of the complaint." It has now been over 185 days since the filing of the complaint and no service of process has been made. Plaintiff failed to file proof of service into the record of this matter.

As a practical matter, the case cannot proceed against a defendant if the plaintiff does not prosecute it or respond to the court's orders regarding disposition of the case. Plaintiff's failure to prosecute her own claims effectively deprives a defendant of the opportunity to defend itself from the allegations made against it. The plaintiff has repeatedly failed to respond to court orders, and has failed to prosecute this action.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed without prejudice pursuant to Rule 4 of the Federal Rules of Civil Procedure and Local Rule 41(b)(1)(A) for failure to serve and failure to prosecute.

Signed in Baton Rouge, Louisiana, on September 5, 2018.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**